UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| HERBERT JONES | CIVIL ACTION |
| VERSUS | NO. 26-337 |
| CAILLIER AND ASSOCIATES ET AL. | SECTION R (2) |

**ORDER & REASONS**

Before the Court is *pro se* plaintiff Herbert Jones's motion to appeal *in forma pauperis*.[1] For the following reasons, the Court denies plaintiff's motion.

## I. BACKGROUND

On March 12, 2026, plaintiff filed a complaint with this Court alleging that defendants Caillier and Associates and Leo Caillier, III, committed malpractice as plaintiff's attorneys.[2] On June 5, 2026, plaintiff was ordered to file proof of service in accordance with Rule 4(l) of the Federal Rules of Civil Procedure by July 24, 2026, and was warned that failure to do so would result in dismissal of plaintiff's case.[3] On July 24, 2026, Jones attempted to comply with this order by filing a document by the deadline.[4] But in that

---

1 R. Doc. 9.
2 R. Doc. 3.
3 R. Doc. 5.
4 R. Doc. 6.

document, instead of filing proof that he had served process on defendant, Jones instead filed evidence that defendant had once provided legal services to him. Because this filing did not comply with the Court's order, the Court dismissed the case on July 28, 2026.[5]

On August 31, 2026, plaintiff filed a Notice of Appeal and the motion now before the Court.[6]

## II. LAW AND ANALYSIS

A claimant may proceed with an appeal *in forma pauperis* if he meets three requirements. First, the claimant must submit "an affidavit that includes a statement . . . that [he] is unable to pay" the fees for an appeal. 28 U.S.C. § 1915(a)(1). Based on this information, the district court must determine whether the costs of appeal would cause an undue financial hardship. *See Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1998). Second, the claimant's affidavit must "state[] the issues that the party intends to present on appeal." Fed. R. App. P. 24(a)(1)(C); *accord* 28 U.S.C. § 1915(a)(1) ("Such affidavit shall state the nature of the . . . appeal and affiant's belief that the person is entitled to redress."). Third, the claimant's appeal must be "taken in good faith." 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(4)(B).

---

5 R. Doc. 7.
6 R. Doc. 8; R. Doc. 9.

"Good faith is demonstrated when a party seeks appellate review of any issue 'not frivolous.'" *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (citing *Coppedge v. United States*, 369 U.S. 438, 445 (1962)). Good faith "does not require that probable success be shown," but rather "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *United States v. Arroyo-Jurado*, 477 F. App'x 150, 151 (5th Cir. 2012). "A complaint is frivolous if it lacks an arguable basis either in law or in fact." *Kingery v. Hale*, 73 F. App'x 755, 755 (5th Cir. 2003).

Plaintiff's arguments on appeal do not have an arguable basis in either law or fact. Plaintiff explains that, as a *pro se* plaintiff, he did not know of his obligation to effect service on defendants.[7] He says that when the Court then ordered him to file proof of service,[8] he did not understand this order.[9]

Although courts may be willing to give *pro se* parties greater leeway than that afforded to parties represented by counsel, *pro se* parties must still "fundamentally abide by the rules that govern the federal courts." *E.E.O.C. v. Simbaki, Ltd.*, 767 F.3d 475, 484 (5th Cir. 2014) (citation modified). Plaintiff did not do so. His explanation for this failure constitutes neither a legal nor a factual challenge to the Court's reason for dismissing his case.

---

7 R. Doc. 8.
8 *See* R. Doc. 5.
9 R. Doc. 8.

Plaintiff's intended appeal is therefore not "taken in good faith," and the Court must deny his motion to proceed *in forma pauperis* on appeal. *See* 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(4)(B).

Accordingly, plaintiff's motion for leave to appeal *in forma pauperis* is **DENIED**.

New Orleans, Louisiana, this 23rd day of November, 2026.

Sarah Vance

SARAH S. VANCE
UNITED STATES DISTRICT JUDGE